United States District Court
Middle District of Florida
Jacksonville Division

TIMOTHY W. DEEGAN,

     *Plaintiff,*

v.                                              No. 3:14-cv-1419-J-39PDB

NEXSTAR BROADCASTING, INC.,

     *Defendant.*

---

## Order Granting in Part Plaintiff's Motion to Compel

A background about the case is in the Court's September 1, 2015, order. Doc. 50. Now before the Court is the plaintiff's motion to compel production of withheld emails, Doc. 53, and the defendant's opposition to the motion, Doc. 59, including declarations of Elizabeth Ryder, the defendant's Senior Vice President and General Counsel, Doc. 61-1, and Jason Gould, former Senior Vice President and General Manager for Inergize Digital (formerly a division of the defendant), Doc. 61-2. The Court took the motion under advisement pending the defendant's response to the plaintiff's motion for spoliation sanctions. Doc. 68. The defendant since has responded to that motion, Doc. 73, and submitted for in camera review emails it continues to withhold based on its assertion of work-product protection (about six pages' worth), Doc. 89.

The defendant categorizes the emails: an August 27, 2014, email chain about "continuing work on gathering and storing evidence of data about the publication"

generated right after Gould spoke to counsel about the stalling of settlement talks (item 2 on the defendant's supplemental privilege log);[1] a September 18, 2014, email chain in response to counsel's questions on whether a June 16, 2014, correction ran on all websites containing the publication (item 1 on the defendant's supplemental privilege log);[2] and September 16, 17, and 18, 2014, email chains about Doug Ware's hard drive in response to counsel's questions on how to locate the hard drive (items 1 and 2 of the defendant's initial privilege log).[3] Doc. 59 at 12–15.[4]

Federal Rule of Civil Procedure 26(b)(3) codifies the work-product doctrine for documents. *Cox v. Adm'r, U.S. Steel & Carnegie*, 17 F.3d 1386, 1421 (11th Cir. 1994). It provides that a party "may not discover documents … prepared in anticipation of litigation or for trial by or for another party or its representative" unless they are otherwise discoverable and "the party shows that it has substantial need for the

---

[1]The August 27 email chain consists of an email from Michael Tholkes, Vice President of Operations for Inergize Digital, to Robert Guidarini, IT Manager for Inergize Digital, and a response from Guidarini.

[2]The September 18 email chain consists of an email from Dana McElroy, the defendant's outside counsel, to Gould and Ryder, a resulting email from Gould to Tholkes, and a response email from Tholkes to Gould.

[3]The September 16 email chain consists of an email from Gould to Richard Doutre'Jones, Vice President and General Manager for the defendant's Salt Lake City station, a resulting email from Doutre'Jones to Dean Davidson, Director of Engineering for the defendant's Salt Lake City station, with a copy to Ida Udy Anderson, the Office Manager for the defendant's Salt Lake City station, and a resulting email from Davidson to John Caprai, IT Engineer for the defendant's Salt Lake City station. The September 17 and 18 email chains consist of email exchanges between Doutre'Jones, Davidson, Anderson, and Gould.

[4]Another email chain is no longer at issue (item 3 on the defendant's supplemental privilege log) because the defendant used the email chain in its response to the plaintiff's motion for spoliation sanctions. *See* Doc. 73-4.

materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). If a court orders their discovery, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). If the party seeking protection shows it is warranted, *Rep. of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013), the burden shifts to the other side to show discovery is warranted, *Lott v. Seaboard Sys. R.R., Inc.*, 109 F.R.D. 554, 557 (S.D. Ga. 1985).

A party withholding otherwise discoverable information by claiming protection must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(a). A party may satisfy that requirement by timely producing a detailed privilege log. *Universal City Dev. Partners., Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 695 (M.D. Fla. 2005). Failure to satisfy that requirement may result in waiver. *Id.* at 694–96. Courts decide waiver on a case-by-case basis, considering:

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and the accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy … or unusually hard.

3

*Id.* at 695 (quoting *Burlington N. & Santa Fe Ry. v. United States Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)).

If a court compels discovery, it must impose attorney's fees and costs unless the movant had not tried to obtain the discovery without court intervention, the non-movant was substantially justified in resisting discovery, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5). A bad-faith finding is not required. *Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993). "Substantial justification" means a genuine dispute or reasonable people could differ on the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Maddow v. Proctor & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997).

The plaintiff argues the Court should compel production of the emails because (1) the defendant has not satisfied its burden of showing protection is warranted, (2) the plaintiff has satisfied its burden of showing a substantial need for them and inability to seek the information through other means, and (3) the defendant waived protection by failing to timely produce a privilege log. Doc. 53 at 2−12. The plaintiff also asks the Court to impose sanctions if the emails show intent to conceal damaging evidence. Doc. 53 at 13. The defendant responds (1) the emails contain opinion work product immune from discovery; (2) the plaintiff has not satisfied his burden of showing a substantial need for them because he has deposed nine witnesses about preservation efforts; and (3) the parties' conduct over the course of discovery cuts against waiver. Doc. 59 at 15−18. The defendant summarily requests fees incurred to respond. Doc. 59 at 19.

The defendant does not dispute the emails are relevant. *See generally* Doc. 59. And with the production of the emails for in camera review, Doc. 89, and the filing of the July 9, 2014, demand letter from the plaintiff's counsel, Doc. 59-1, the September 15, 2014, demand letter from the plaintiff's counsel, Doc. 59-2, the declaration of Ryder, Doc. 61-1, and the declaration of Gould, Doc. 61-2, the plaintiff cannot seriously dispute that the defendant has shown the emails are work product (that it or its representatives prepared the emails in anticipation of litigation). The difficult issues are whether the defendant waived protection and, if not, whether the plaintiff satisfied its burden of showing discovery of the work product is warranted.

Carefully considering the factors, *see* Universal City, 230 F.R.D. at 695, and the totality of the circumstances described by the defendant in its response, Doc. 59 at 2–10, the Court finds no waiver. Discovery has been extensive and conducted within a relatively short timeframe. The defendant describes a course of litigation during which both parties allowed general objections to privileged or protected information without demanding privilege logs until late in discovery when the spoliation issue moved to the forefront. The Court adds the plaintiff incongruously seeks forgiveness for his own delays but punishment for the defendant's. Besides the delays described in the Court's September 1, 2015, order, Doc. 50 at 10–11, he filed the current motion to compel two days after the September 1, 2015, deadline, *see* Doc. 34 at 1–2 (case management and scheduling order then in effect instructing that motions to compel had to be filed "<u>no later than</u> the close of discovery" on September 1, 2015) (emphasis in original); Doc. 53 (motion to compel filed September 3, 2015).

Although he places the entire blame for the delay on the defendant's production of the supplemental privilege log on September 1, 2015, Doc. 53 at 5–6, he fails to explain why he filed no motion after the defendant's August 21, 2015, letter ending a "meet and confer" about the emails (minus the email disclosed in the August 25, 2014, deposition of Michelle Metcalf) or why, having not received an amended privilege log by August 31, 2015, he did not ask for an extension of the September 1, 2015, deadline before it passed.

The Court concludes the plaintiff has shown a substantial need for the emails and inability to seek the information through other means. They concern the plaintiff's contention the defendant unjustifiably failed to preserve material evidence. While the defendant correctly observes he already deposed numerous witnesses about the spoliation issue, the emails add what the depositions could not in this area of preservation of electronic information: important specificity about timing and substance the deponents may not have recollected. But the Court further concludes the September emails still deserve protection because they indirectly or directly disclose counsel's instructions to the defendant or its representatives and thus counsel's mental impressions, conclusions, opinions, or legal theories. The same cannot be said of the August 27, 2014, email chain (item 2 on the defendant's supplemental privilege log). The Court therefore will grant the plaintiff's motion to compel regarding that email chain.

Sanctions against either side are unwarranted. The Court is partially granting the motion and partially denying it, making an award of expenses unjust. Regarding

the plaintiff's particular request, Doc. 53 at 13, the emails submitted for in camera review show no intention to conceal damaging evidence. They appear to contain nothing either contradicting or materially augmenting the facts already in the plaintiff's possession and used by him to support his motion for spoliation sanctions, Docs. 66, 69.

Thus, the Court **grants** in part the plaintiff's motion to compel, Doc. 53, and orders the defendant to produce the August 27, 2014, email chain (item 2 on the defendant's supplemental privilege log, Doc. 53-15) by **November 27, 2015**. The Court otherwise **denies** the motion.

**Ordered** in Jacksonville, Florida, on November 18, 2015.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of Record